**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SAMMIE LEE WILSON, III,

        Petitioner,

vs.                                   Case No.:    3:12-cv-51-J-34MCR
                                                      3:07-cr-132-J-34HTS

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER**

This case is before the Court, on plenary remand from the Eleventh Circuit Court of Appeals (Doc. 27, USCA Remand Order)[1], to consider anew the resolution of Petitioner Sammie Lee Wilson, III's "Motion for Relief from Judgment Pursuant to F. R. Ci. [sic] P. 60(b)(3)." (Doc. 18, Motion). Upon review, the Court concludes that the Motion is an unauthorized second or successive habeas petition, which is due to be dismissed for lack of jurisdiction.

On January 11, 2012, Wilson moved to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, contending that he had been deprived of the effective assistance of counsel, the right to a speedy trial, and a "substantial assistance" motion for a reduced sentence under Federal Rule of Criminal Procedure 35. (See Doc. 1, Motion to Vacate). The Court denied Wilson's Motion to Vacate, and also denied him a certificate of appealability (COA), on July 9, 2014. (Doc. 12, Order Denying Motion to

---

[1]     Citations to the record of the underlying criminal case, United States of America vs. Sammie Lee Wilson, III, Case No. 3:07-cr-132-J-34HTS, will be denoted as "Crim. Doc. __." Citations to the record of the civil § 2255 case, Case No. 3:12-cv-51-J-34MCR, will be denoted as "Doc. __."

1

Vacate). In doing so, the Court explained that Wilson's claims were barred by a valid collateral review waiver in his plea agreement, and to the extent any of the claims were not barred, they lacked merit. Wilson appealed, and on November 19, 2014, the Eleventh Circuit Court of Appeals also denied Wilson's motion for a COA. (Doc. 16, USCA Order Denying COA).

On March 31, 2015, Wilson moved for relief from judgment pursuant to Rule 60(b)(3), Federal Rules of Civil Procedure (Rule(s)). (Doc. 18, Motion). In the Motion, relying on Rule 60(b), Wilson asserts that he began cooperating with the government prior to sentencing. During his cooperation, Wilson worked with Assistant United States Attorneys Andrew Tysen Duva and Julie Hackenberry. At some point, Hackenberry learned that Wilson had allegedly threatened her life, although an investigation revealed no evidence to substantiate that report. Because of the threat, Hackenberry removed herself from the case, but Duva remained as one of the prosecutors. Wilson filed a pro se motion to have Duva removed as well because he was Hackenberry's partner. (Crim. Doc. 138, Motion to Remove Duva). The Court struck Wilson's pro se motion, but Wilson contends that Duva perpetrated a fraud on the Court by failing to disclose that he and Hackenberry were romantically involved. As support for the claim, Wilson attaches evidence of a marriage license between Duva and Hackenberry, obtained on September 9, 2013. (Doc. 18-1, Exhibit).

Upon review of the record and Wilson's Motion, the Court determines that the Motion is due to be dismissed for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 2255(h) and Gonzalez v. Crosby, 545 U.S. 524 (2005). To be cognizable under Rule 60(b), Wilson's Motion would have had to attack some defect in the integrity of the federal

collateral proceedings. Gonzalez, 545 U.S. at 532. Wilson's Motion makes clear, however, that he does not attack some defect in the collateral proceedings, but rather a defect in the underlying criminal case. The prosecutorial conduct that Wilson describes in his Motion, i.e., Duva's and Hackenberry's failure to disclose the existence of an alleged romantic relationship, is alleged to have occurred in the context of the underlying criminal proceedings. (See Motion at 4-5). Moreover, the injury that Wilson believes resulted from this prosecutorial conduct, i.e., that he "did not receive full credit for substantial assistance," relates to his sentence in the underlying criminal case. (See id. at 5). Indeed, the remedy Wilson seeks in the Motion is vacatur of his sentence and a new sentencing hearing, not vacatur of the denial of his § 2255 motion. (Id. at 6, ¶ 4). Thus, Wilson's Motion attempts to add a new claim, one of prosecutorial misconduct, as an additional challenge to his judgment and sentence in the underlying criminal case.

The Supreme Court has instructed that a Rule 60(b) motion should be treated as a successive habeas petition where it (1) "seeks to add a new ground of relief," or (2) "attacks the federal court's previous resolution of a claim on the merits." Gonzalez, 545 U.S. at 532. Here, despite citing to Rule 60(b), in the Motion Wilson "seeks to add a new ground of relief" for the reasons described above. As such, the Court should treat the Motion as a second or successive petition.

"When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in Gonzalez, it must comply with the requirements for such petitions under the AEDPA." Williams v. Chatman, 510 F.3d 1290, 1294 (11th Cir. 2007) (citing 28 U.S.C. § 2244). Among those requirements is that Wilson obtain authorization to file a second or successive motion to vacate from the Eleventh Circuit Court of Appeals. Williams, 510

F.3d at 1294 (quoting Gonzalez, 545 U.S. at 530).  This prerequisite represents a jurisdictional limitation, such that the absence of authorization deprives a court of subject matter jurisdiction to consider the new claims raised in a Rule 60(b) motion, such as the instant Motion filed by Wilson.  Williams, 510 F.3d at 1295 (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)).

Wilson has not obtained authorization from the Eleventh Circuit to file a second or successive petition, and therefore this Court lacks jurisdiction to entertain the claims raised in the Motion.  The Motion is thus due to be dismissed for lack of subject matter jurisdiction.

Accordingly, it is hereby

**ORDERED:**

1. Consistent with the Eleventh Circuit's Remand Order (Doc. 27), the previous Order (Doc. 26) is **VACATED**.

2. Wilson's "Motion for Relief from Judgment Pursuant to F. R. Ci. [sic] P. Rule 60(b)(3)" (Doc. 18), construed as a second or successive motion to vacate, is **DISMISSED WITHOUT PREJUDICE** to Wilson re-filing a second motion to vacate in this Court if he obtains authorization to do so from the Eleventh Circuit Court of Appeals, pursuant to 28 U.S.C. §§ 2244(b)(3) and 2255(h).

3. The Court does not decide whether Wilson is entitled to a certificate of appealability or to proceed in forma pauperis with respect to the "Motion for Relief from Judgment Pursuant to F. R. Ci. [sic] P. Rule 60(b)(3)" (Doc. 18) because the Court lacks

jurisdiction to do so.  See <u>Williams</u>, 510 F.3d at 1294.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of June, 2016.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:

Counsel of record

Petitioner Sammie Lee Wilson, III